**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JORGE GUERRA, | : | |
| | : | Civil Action No. 06-2344 (AET) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| UNITED STATES DEPARTMENT OF | : | |
| HOMELAND SECURITY, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

> JORGE GUERRA, Petitioner pro se
> Prison # 15746-018/SBI # 503385
> Central Reception and Assignment Unit [E-1-C]
> P.O. Box 7450
> West Trenton, New Jersey 08628

**THOMPSON,** District Judge

This matter is before the Court on petitioner Jorge Guerra's ("Guerra") application for habeas corpus relief under 28 U.S.C. § 2241,[1] challenging an immigration detainer issued against him. The respondents are the United States Department of Homeland

---

[1]  Section 2241 provides in relevant part:
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Security ("DHS")[2], Andrea Quarantillo, District Director for the Immigration and Custom Enforcement Agency ("ICE"), Officer in Charge at the Hemisphere Center Office of Detention and Deportation; and Joseph C. Rizzo, Warden.

For the reasons stated herein, the Petition will be dismissed.

## BACKGROUND

Guerra is a New Jersey state inmate currently confined at the Central Reception and Assignment Facility ("CRAF"), CADRE Unit, in West Trenton, New Jersey.  He was convicted on state charges of drug trafficking and is presently serving a seven year prison term with a maximum release date from state custody in February 2011.  Guerra has a projected parole eligibility date of September 15, 2007.

On April 24, 2006, the Bureau of Immigration and Customs Enforcement ("BICE") issued to the New Jersey Department of Corrections ("NJDOC") an Immigration Detainer - Notice of Action [Form I-247] for Guerra.  The detainer notice advised the NJDOC that an investigation was initiated to determine whether Guerra

---

[2]   Effective March 1, 2003, the Immigration and Naturalization Service ("INS") ceased to exist as an agency of the Department of Justice, and its functions were transferred to the Department of Homeland Security ("DHS").  See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).  The Bureau of Immigration and Customs Enforcement of the DHS is responsible for the interior investigation and enforcement functions that formerly were performed by the INS.

2

is subject to removal from the U.S.  The detainer also requested that the NJDOC notify the BICE at least 30 days in advance of Guerra's release from NJDOC custody.  On that same date, the BICE issued to Guerra a Notice to Appear [Form I-862], directing Guerra to appear before an Immigration Judge at a date to be set and to show cause why Guerra should not be removed from the United States based on his conviction for an aggravated felony and drug-related offenses, pursuant to 8 U.S.C. §§ 1127(a)(2)(A)(iii) and 1227(a)(2)(B)(i).

On or about May 24, 2006, Guerra filed this petition for habeas relief pursuant to 28 U.S.C. § 2241.  In his petition, Guerra states that he is a Cuban national[3] and argues that it is unlikely that he will be removed to Cuba because there is no repatriation agreement between the U.S. and Cuba.  Consequently, Guerra seeks this Court to issue an order of supervised release once his prison term is completed.  He contends that any detention by the BICE when Guerra is released from state custody would violate due process guarantees because of the unlikelihood of his removal to Cuba.  Guerra essentially seeks to preclude his future detention pending removal, claiming that he will be detained for at least six months under harsh conditions before

--------

[3]  Guerra is a native and citizen of Cuba.  He entered the United States on January 31, 1993, as a parolee.  On April 23, 1994, Guerra's status was adjusted to that of a lawful permanent resident alien.

3

any release from custody review would take place.  In short, Guerra asks this Court to order the BICE not to detain him upon his release from state custody and to place Guerra under an order of supervised release pending removal from the United States.

It appears from the record provided by respondents that removal proceedings before an Immigration Judge have not yet taken place, and thus, no order of removal has been issued.

## ANALYSIS

A.  No "In Custody" Jurisdiction to Challenge Detainer

Federal courts have jurisdiction to entertain an application for habeas relief only if a petitioner is "in custody," pursuant to the challenged judgment, in violation of the Constitution or laws or treaties of the United States.[4] Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Obado v. New Jersey, 328 F.3d 716, 717 (2003); 28 U.S.C. § 2241(c).  But Supreme Court decisions have made it clear that habeas corpus "is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose-- the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty."  Jones v. Cunningham, 371 U.S. 236, 243 (1963). Thus, the "in custody" requirement is satisfied where an

---

[4] In making a custody determination, a court looks to the date that the habeas petition was filed.  See Carafas v. LaVallee, 391 U.S. 234, 238-40 (1968); Chong v. District Director, I.N.S., 264 F3d 378, 382-83 (2001).

4

individual is subject to "significant restraints on liberty ... which were not shared by the public generally," along with "some type of continuing governmental supervision," even if the individual is not subject to actual physical restraint.  See Obado, 328 F.3d at 717 (citations omitted).

In this vein, some federal courts have held that an alien who is not physically detained, but who is subject to a final order of removal, suffers sufficient restraint on his freedom to satisfy the custody requirement of § 2241.  See, e.g., Ceballos de Leon v. Reno, 58 F. Supp.2d 463, 469 n.14 (D.N.J. 1999) (collecting cases).  Alternatively, an alien who is confined pursuant to a criminal conviction, and who is subject to an INS detainer which seeks mere notification in advance of release, may not satisfy the custody requirement.  See Green v. Apker, 153 Fed. Appx. 77, 79 (3d Cir. 2005)(unpubl.) ("According to most courts which have considered the custody question, a prisoner who is serving a criminal sentence is not in B[ureau of] I[mmigration and] C[ustoms] E[nforcement] custody simply because the BICE has lodged a detainer against him with the prison where he is incarcerated.")(citing Garcia-Echaverria v. United States, 376 F.3d 507, 510-11 (6th Cir. 2004); Aquilor v. U.S. Dept. Of Homeland Security, 2006 WL 1469317 (D.N.J., May 24, 2006); Patterson-Cuesta v. Nash, 2005 WL 3588486 (D.N.J., Dec. 29,

2005).  See also Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 540-41 (5th Cir. 2003)).

Similarly, in this case, Guerra is a state prisoner in the custody of the NJDOC while serving his criminal sentence, but is subject to an immigration detainer that merely seeks notification in advance of his release from prison.  Therefore, Guerra does not satisfy the "in custody" requirement for habeas relief under § 2241.  Accordingly, this petition should be dismissed for lack of "in custody" jurisdiction.

B. Petition is Not Ripe for Adjudication

Respondents also argue that this petition is not ripe for adjudication and should be dismissed.  In his petition, Guerra presupposes that he will be subject to mandatory detention upon completion of his prison sentence while removal proceedings are commenced, that he will be ordered removed from the United States based on his drug trafficking conviction, that he will be subject to detention during the 90-day removal period, and that he will continue to be detained for the presumptive six-month period under Zadvydas v. Davis, 533 U.S. 678 (2001), and possibly longer, because the BICE will not be able to secure his removal to Cuba.  Guerra hopes to pre-empt the above listed statutorily-established procedures,[5] which are standard in removal

---

[5]  Detention during removal proceedings is mandated under 8 U.S.C. § 1226(c).  See Demore v. Kim, 538 U.S. 510, 513 (2003). Detention also is required during the 90-day removal period after

proceedings, by asking this Court to determine that Guerra is
subject to removal, that he cannot be repatriated to Cuba, and
that he should be place on conditional supervised release pending
removal at the completion of his prison sentence.

However, a prisoner cannot compel the BICE, by way of habeas
or mandamus petition or the Administrative Procedure Act, to
initiate removal proceedings while the alien is serving his
prison term.  See Mejia-Gomez v. DHS/ICE, 2006 WL 1098226, *2
(D.N.J. March 31, 2006).  Moreover, any such claim brought by an
alien inmate to compel the BICE to initiate removal proceedings
before the inmate's prison sentence is completed is unripe and
subject to dismissal.  Id.; see also Perez v. Immigration &
Naturalization Service, 979 F.2d 299, 301 (3d Cir. 1992)(citing
Medina v. United States, 785 F. Supp. 512 (E.D. Pa. 1992)).

Here, Guerra's petition is not ripe for adjudication and
must be dismissed because no action or decision has been taken by
the BICE, other than the issuance of an immigration detainer for
notification of his release from prison.  In essence, Guerra is
seeking this Court to make a ruling that his prospective
detention during and after removal proceedings are

---

a final order of removal has been issued.  8 U.S.C. § 1231(a)(1),
(2).  Finally, the Supreme Court stated that there is no due
process violation if an alien is subjected to a further period of
"post removal period detention" so long as it is not
unreasonable, although the Court did place a "presumptive limit'
of six months.  Zadvydas, 533 U.S. at 682.

unconstitutional before any removal proceedings and custody review decisions have been made by the BICE and/or an immigration judge.  Consequently, there is nothing for this Court to review.  The Supreme Court has held that the statutorily mandated detention procedures, which Guerra is attempting to avoid by this action, do not offend due process guarantees.  Therefore, this petition will be dismissed as unripe at this time.

<u>**CONCLUSION**</u>

For the reasons set forth above, Guerra's habeas petition, which challenges his immigration detainer so that he can be released from custody upon expiration of his sentence, must be dismissed for lack of "in custody" jurisdiction.  In addition, Guerra's prospective claim that detention pending removal proceedings and deportation is unconstitutional will be dismissed as unripe for adjudication at this time.  An appropriate order follows.


        s/ Anne E. Thompson
ANNE E. THOMPSON
United States District Judge

Dated: 11/29/06

8